IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CYNTHIA J. CROWE, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 2:15-cv-00047-WCO-JCF |
| REVENUE RECOVERY CORPORATION, a Tennessee corporation, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.,

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, REVENUE RECOVERY CORPORATION, is a corporation formed under the laws of the State of Tennessee. [Hereinafter, said Defendant is referred to as "RRC"].

6. RRC transacts business in this state.

7. RRC's transactions in this state give rise to the Plaintiff's cause of action.

8. RRC is subject to the jurisdiction and venue of this Court.

9. RRC may be served by personal service upon its registered agent in the State of Tennessee, to wit: Gregg Swersky, 7005 Middlebrook Pike, Knoxville, TN 37909.

10. Alternatively, RRC may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Tennessee or Georgia.

## FACTS COMMON TO ALL CAUSES

11. RRC uses the mails in its business.

12. RRC uses telephone communications in its business.

13. The principle purpose of RRC's business is the collection of debts.

14. RRC regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. RRC is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a medical debt allegedly due from Plaintiff to a business not a party to this litigation, RRC communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. In or around October of 2014, RRC left a series of at least four pre-recorded telephone messages for Plaintiff requesting a return call.

18. The pre-recorded content of the message was as Follows: " This is Dawn and I have an important message from Revenue Recovery Corporation, please call 888-582-2359."

19. All of the messages received by Plaintiff from RRC are identical.

20. In the messages, RRC did not state that the communications were from a debt collector.

21. In the messages, RRC did not meaningfully disclose the purpose of the calls.

22. In the messages, RRC did not state that the communications were an attempt to collect a debt.

23. Defendant's communications violate the Fair Debt Collection Practices Act.

24. Defendant's communications violate the Georgia Fair Business Practices Act.

25. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

26. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

27. Defendant's violations of the FDCPA include, but are not limited to, the following:

28. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

29. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

30. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

31. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

32. The Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

33. As a result of Defendant's actions, Plaintiff is entitled to an award of actual, treble and exemplary damages, as well as an award of costs and attorney fees.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, treble, actual, and exemplary damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee; and

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by: /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

>Justin T. Holcombe
>Georgia Bar No. 552100
>jholcombe@skaarandfeagle.com
>Kris Skaar
>Georgia Bar No. 649610
>kskaar@skaarandfeagle.com
>133 Mirramount Lake Drive
>Woodstock, GA 30189
>770 / 427-5600
>404 / 601-1855 fax